UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60566-CIV-COHN/WHITE

MORRIS MILLER,

        Petitioner,

vs.

WALTER McNEIL,

        Respondent.

_____/

## **ORDER ADOPTING REPORT OF UNITED STATES MAGISTRATE JUDGE**

**THIS CAUSE** is before the Court on the Report of Magistrate Judge [DE 13] regarding Morris Miller's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [DE 1] ("Petition"), submitted by United States Magistrate Judge Patrick A. White. Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Petition [DE 1], the Report of Magistrate Judge [DE 13], Petitioner's Objections to Report of Magistrate Judge [DE 16] and is otherwise advised in the premises.

    Petitioner was convicted after a jury trial of the offense of delivery of cocaine and he was sentenced as a habitual felony offender to a term of incarceration of twelve years. Mr. Miller's Petition raises two claims. Specifically, Petitioner argues that he did not receive effective assistance of counsel because (1) his lawyer prevented him from accepting the state's initial plea offer, and (2) during closing argument, his lawyer conceded the Petitioner's guilt to the offence of delivery of cocaine without his consent. United States Magistrate Judge White thoroughly addressed the merits of Petitioner's

claims and found them lacking. Accordingly, Judge White recommended that the Petition be denied. In his Objections, the Petitioner does not take issue with the substance of Judge White's analysis, instead Petitioner argues that he is entitled to an evidentiary hearing in connection with his claim regarding the rejection of the plea offer. "Petitioner objects to the Magistrate Judge's determination of ground one of the habeas corpus petition without first conducting an evidentiary hearing." DE 16 at 3.

The "decision to grant an evidentiary hearing [is] generally left to the sound discretion of district courts." Schriro v. Landrigan, 550 U.S. 465, 473 (2007). "'[T]he judge must review the answer [and] any transcripts and records of state-court proceedings . . . to determine whether an evidentiary hearing is warranted.'" Boyd v. Allen, 592 F.3d 1274, 1304 (11th Cir. 2010) (quoting 28 U.S.C. § 2254, R. 8(a)).

> The law is clear that, in order to be entitled to an evidentiary hearing, a petitioner need only allege-not prove-reasonably specific, non-conclusory facts that, if true, would entitle him to relief. If the allegations are not affirmatively contradicted by the record and the claims are not patently frivolous, the district court is required to hold an evidentiary hearing. It is in such a hearing that the petitioner must offer proof.

Aron v. United States, 291 F.3d 708, 715 n.6 (11th Cir. 2002). In other words, "a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro, 550 U.S. at 474. "Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." Id. A petitioner is not entitled to an evidentiary hearing when his claims are merely

"conclusory allegations unsupported by specifics." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

With respect to the first claim raised in the Petition, Judge White found that "Miller's claim is meritless and wholly refuted" by the record in this case. DE 13 at 6. In support, Judge White included an excerpt from the trial proceedings where the judge questioned Petitioner regarding the state's second plea offer of 62 months. See id. at 9-10. After the judge explained the potential sentence Petitioner faced if he lost at trial, Petitioner unequivocally stated that he did not want to accept the plea agreement. Id. at 9. Petitioner also stated that his counsel spoke to him about the offer and Petitioner declared that he did not have any questions. Id. at 9-10. Now, in his habeas petition, Mr. Miller is claiming his lawyer made the decision for him and that if Miller was allowed to decide for himself, he would have accepted the state's initial plea offer of 42 months. See DE 1 at 6.

Petitioner's claim is based on nothing more than his after the fact testimony. In Diaz v. United States, 930 F.2d 832 (11th Cir. 1991), the Eleventh Circuit affirmed a decision to reject a prisoner's claim that his counsel was ineffective because his counsel allegedly rejected a plea offer without consulting him. In so holding, the court found that "[g]iven appellant's awareness of the plea offer, his after the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer." Id. at 835. Further, the Eleventh Circuit stated the following:

3

> As to Diaz' claim that counsel was ineffective in advising him that the plea offer was unacceptable, Diaz has not established prejudice with respect to counsel's advice. He does not allege that but for his attorney's errors, he would have accepted the plea offer; he cites no evidence to indicate that prior to his conviction he expressed any desire to plead guilty. He argues only that he would have received a lesser sentence had he accepted the plea agreement. However, the Supreme Court has recognized that "judicial scrutiny of counsel's performance must be highly deferential," and that courts should ensure that "every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."

Id. (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)).[1] Here, Petitioner's claim is similar to the claim rejected in Diaz. Petitioner acknowledges that his counsel informed him of the state's initial plea offer of 42 months. See DE at 6 ("Mr. Early [ ] communicated to Petitioner . . . the fact that the State prosecutor had informed him that the State was willing to accept a guilty plea from Petitioner in return for a sentence of 42 months."). Petitioner does not point to any evidence indicating that he expressed a desire to accept a plea agreement and the record clearly demonstrates that Petitioner made an informed decision to reject the state's offer of 62 months before trial. Therefore, the Court agrees with Judge White's decision to reject Petitioner's claim without holding an evidentiary hearing. Accordingly, it is hereby

---

[1] See Scott v. United States, 325 Fed. App'x 822 (11th Cir. 2009) (affirming decision to reject a prisoner's claim that his counsel was ineffective for failing to fully advise the prisoner of potential sentences during plea negotiations without holding an evidentiary hearing); Oliver v. United States, 292 Fed. App'x 886 (11th Cir. 2008) (affirming decision to deny evidentiary hearing where prisoner's ineffective assistance of counsel claim based on failure to communicate plea offer because the claim lacked merit).

**ORDERED AND ADJUDGED** as follows:

1. The Report of United States Magistrate Judge Patrick A. White [DE 13] is **ADOPTED**.

2. Mr. Miller's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [DE 1] is **DENIED with prejudice**.

3. All pending motions are **DENIED as moot**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 28th day of June, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF